LINK: 44

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5227 GAF (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Khalil Zaghian v. THQ Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**         (In Chambers)

**ORDER RE:  REQUEST FOR**
**FURTHER BRIEFING**

      Plaintiff named three Defendants in this securities class action:  THQ, Inc., its CEO Brian Farrell, and its CFO Paul Pucino.  (Docket No. 1.)  THQ filed for bankruptcy a few months later, and the Court stayed the entire action pending completion of those proceedings.  (Docket No. 37.)  Plaintiff now asks that the stay be lifted.  (Docket No. 44.)

      Bankruptcy stays are governed by 11 U.S.C. § 362.  In part, this Section stays the "continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1).  This rule generally applies only to the debtor, and does not extend to actions against co-defendants.  United States v. Dos Cabezas, Corp., 995 F.2d 1486, 1491 (9th Cir. 1993).  However, an exception to the co-defendant rule exists.  "Though it has neither explicitly adopted nor repudiated it, the Ninth Circuit recognizes that other courts have carved out a limited exception to this general rule in certain cases where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  Yates v. Delano Retail Partners, LLC, 2012 U.S. Dist. LEXIS 44079, at *3–4 (N.D. Cal. Mar. 29, 2012) (quoting Dos Cabezas, 995 F.2d at 1491 n.3) (internal quotation marks and brackets omitted).

      THQ's bankruptcy action has not yet concluded; in light of Yates, Plaintiff's current motion might therefore be deemed premature.  In an effort to avoid this difficulty, though, Plaintiff has lodged a dismissal of THQ.  (Docket No. 45-1.)  Typically, dismissing THQ might be sufficient to avoid the so-called "unusual circumstances" exception described in Yates.  But the Court is confronted with another concern here—a concern left unaddressed by any Party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5227 GAF (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Khalil Zaghian v. THQ Inc et al | | |

  Once a bankruptcy petition has been filed, Section 632 also "precludes 'any act to obtain possession of property of the estate.'"  Metro. Inv. Sec., Inc. v. Cauvel (In re Metro. Mortg. & Sec. Co.), 325 B.R. 851, 855 (Bankr. E.D. Wash. 2005) (quoting 11 U.S.C. § 362(a)(3)).  This estate "includes intangible or contingent interests of the debtor as well as intangible property itself."  Cauvel, 325 B.R. at 855.  And though the issue has not been squarely addressed by the Ninth Circuit, several bankruptcy courts, as well as the Bankruptcy Appellate Panel, have found that certain types of insurance proceeds might be deemed "property of the estate."  See id. at 857; Groshong v. Sapp (In re MILA, Inc.), 423 B.R. 537, 543 (B.A.P. 9th Cir. 2010) ("whether D & O policy proceeds are an estate asset has not been decided in the Ninth Circuit"); Imperial Corp. of Am. v. Milberg, Weiss, Bershad, Spechtrie & Lerach (In re Imperial Corp. of Am.), 144 B.R. 115, 118 (Bankr. S.D. Cal 1992) ("the debtor's estate is worth more with [insurance policy proceeds] than without them").

  This line of cases is crucial to the Court's determination here, because company officers frequently have recourse to D&O insurance policies purchased by their companies.  And Defendants Farrell and Pucino were the CEO and CFO, respectively, of Defendant THQ.  The Court therefore has concerns that a judgment against them in this action may implicate property belonging to THQ's estate.

  The Parties' briefing so far contains insufficient information for the Court to determine whether any D&O policy exists.  Accordingly, Defendants Farrell and Pucino are hereby **ORDERED** to submit supplemental briefing indicating whether they might be protected by any D&O policy, and whether such a policy might be considered property of the THQ estate. The Court also notes that THQ has not yet been formally dismissed; although a notice of dismissal was lodged, it was not filed, and therefore has not yet taken effect.  (See Docket No. 45-1.) Since they are still involved in this case, the Court **ORDERS** THQ to file its own supplemental briefing addressing these issues.  If a D&O policy exists, THQ should provide it to the Court.

  In drafting their responses to this order, the Parties should consider an unusually helpful law review article, which explains that:

> Generally, if the D&O policy provides direct coverage, then the proceeds are not property of the estate and the bankruptcy court will not extend the automatic stay.  Similarly, if the debtor's plan of reorganization extinguishes directors' and officers' claims under D&O policies, the automatic stay should not be extended.  For indirect and entity coverage situations, however, if the debtor-company is exposed in any way to claims covered under the D&O policy, the proceeds are property of the estate.

**LINK: 44**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5227 GAF (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Khalil Zaghian v. THQ Inc et al | | |

John M. Wunderlich, Bankruptcy's Protection for Non-Debtors from Securities Fraud Litigation, 16 Fordham J. Corp. & Fin. L. 375, 400–01 (2011) (citations omitted). Explaining whether any D&O policy obtained by THQ provides direct or indirect coverage would therefore be most helpful. The Parties briefing may be no more than 5 pages, excluding exhibits, and should be submitted no later than Friday, October 3, 2014. The hearing on Plaintiff's pending motion is hereby **CONTINUED** to Monday, October 20, 2014 at 9:30 a.m.

    **IT IS SO ORDERED.**