1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| KHALIL ZAGHIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>   v.<br><br>THQ INC., BRIAN J. FARRELL, and PAUL J. PUCINO,<br><br>           Defendants. | Case No.: 2:12-cv-05227 MLR JEM<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br><u>CLASS ACTION</u> |

COOLEY LLP<br>ATTORNEYS AT LAW<br>SAN DIEGO

This stipulation and agreement of settlement is made and entered into by and between lead plaintiff Mike Hernandez ("Lead Plaintiff"), on behalf of himself and the class of persons defined below, and defendants Brian J. Farrell and Paul J. Pucino (collectively, "Defendants"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**WHEREAS**:

A.    Commencing on June 15, 2012, a securities class action was filed against THQ Inc. ("THQ") and Defendants: *Zaghian v. THQ Inc., et al*, 12-cv-05227 GAF JEM;[1]

B.    By order dated September 14, 2012, the Court appointed Mike Hernandez as Lead Plaintiff and approved his selection of the law firm of Levi & Korsinsky LLP as Lead Counsel;

C.    On November 13, 2012, Lead Plaintiff filed a First Amended Class Action Complaint (the "FAC");

D.    On December 19, 2012, THQ filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware, Case No. 12-13398 (MJW), seeking protection under the United States Bankruptcy Code;

E.    On January 11, 2013, THQ filed a Notice of Automatic Stay Pursuant to 11 U.S.C. § 362(a);

F.    On January 14, 2013, Defendants moved to dismiss the FAC;

G.    On January 14, 2013, the Court issued an Order removing the case from the active caseload pending completion of the bankruptcy proceeding;

H.    On August 29, 2014, Lead Plaintiff filed a Motion to Lift the Stay as to Defendants Brian J. Farrell and Paul J. Pucino.  In connection with this Motion, Lead

---

[1] All capitalized words or terms not otherwise defined herein shall have the meanings for those words or terms as set forth in the section below entitled "Definitions" at ¶1.

Plaintiff lodged a Notice of Voluntary Dismissal of claims against THQ, with prejudice;

I.     On October 16, 2014, the Court issued an Order Granting Lead Plaintiff's Motion to Lift the Stay and deemed filed Lead Plaintiff's previously lodged Notice of Voluntary Dismissal of THQ;

J.     On December 2, 2014, the Court issued an Order reassigning the case to Judge Manuel L. Real;

K.     On December 5, 2014, Lead Plaintiff filed an Opposition to Defendants' Motion to Dismiss, and on January 9, 2015, Defendants filed their Reply;

L.     On February 4, 2015, the Court issued an Order Granting Defendants' Motion to Dismiss;

M.     On March 3, 2015, Lead Plaintiff filed his Notice of Appeal;

N.     On January 12, 2017, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") issued a Memorandum Opinion reversing dismissal of the FAC and remanding the case back to this Court;

O.     On February 23, 2017, Defendants filed a Petition for Rehearing En Banc and Panel Rehearing ("Petition for Rehearing");

P.     While the Petition for Rehearing was pending, Lead Counsel and Defendants' Counsel conducted a mediation session before Robert H. Fairbank of Phillips ADR on March 14, 2017;

Q.     Defendants provided documents to Lead Plaintiff, including internal sales projections for uDraw and the EEDAR market research report referenced in the FAC, to further the mediation discussion;

R.     Lead Counsel has conducted an investigation, reviewed documents, analyzed the claims, consulted with a damages expert, and researched the applicable law with respect to the claims against Defendants and their potential defenses thereto;

1          S.      Lead Counsel and Defendants' Counsel have engaged in arm's-length

2  negotiations to resolve the claims by Lead Plaintiff and the Class against Defendants,

3  and have now agreed to settle those claims on terms that include the payment of

4  $2,600,000 for the benefit of the Class;

5          T.      Based upon their independent investigation, Lead Counsel and Lead

6  Plaintiff have concluded that the terms and conditions of this Stipulation are fair,

7  reasonable, and adequate to the Class, and are in the Class's best interests, and have

8  agreed to settle the claims raised in the Action with Defendants pursuant to the terms

9  and provisions of this Stipulation, after considering (a) the substantial benefits that

10  the Class will receive from the Settlement, (b) the attendant risks of litigation, and

11  (c) the desirability of permitting the Settlement to be consummated as provided by

12  the terms of this Stipulation;

13         U.      Defendants have denied and continue to deny each and all of the claims

14  and contentions alleged by Lead Plaintiff, as well as all charges of wrongdoing or

15  liability against them arising out of any of the conduct, statements, acts, or omissions

16  alleged, or that could have been alleged, in the Action.  Defendants believe the

17  Action has no merit.  Defendants deny that they made any false or misleading

18  statements during the Class Period, that they had the state of mind required to render

19  any of the alleged misrepresentations and omissions actionable, that any alleged loss

20  was caused by any alleged misrepresentations.  Nonetheless, taking into account the

21  uncertainty and risks inherent in any litigation, especially in complex cases such as

22  this one, Defendants have concluded that further litigation of the Action would be

23  protracted, burdensome, and expensive, and that it is desirable and beneficial to them

24  to resolve the Action upon the terms and conditions set forth in this Stipulation; and

25         V.      On April 7, 2017, Defendants filed a notice with the Ninth Circuit

26  withdrawing their Petition for Rehearing in light of the proposed Settlement, and on

27  April 11, 2017, the Ninth Circuit issued its formal mandate.

28

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacked merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties hereto, that all Settled Claims as against Defendants shall be compromised, settled, released, and dismissed on the merits and with prejudice, subject to the following terms and conditions:

## DEFINITIONS

1.    As used hereinafter in this Stipulation, the following terms shall have the following meanings:

a.    "Action" means *Zaghian v. THQ Inc., et al*, 12-cv-05227 MLR JEM, pending in the United States District Court for the Central District of California.

b.    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim to the Claims Administrator and does not opt out.

c.    "FAC" means the First Amended Class Action Complaint filed in this Action by Lead Plaintiff on November 13, 2012.

d.    "Claims Administrator" means RG2 Claims Administration, the firm retained by Lead Counsel, subject to Court approval, which shall mail and publish the Notices, process Proofs of Claim, and distribute the Net Settlement Amount to Authorized Claimants.

e.    "Class" means Lead Plaintiff as well as all Persons who purchased or otherwise acquired the publicly traded common stock of THQ Inc. on the NASDAQ Global Select Market during the Class Period and who allege to have been damaged thereby.  Excluded from the Class are Defendants and each of their immediate family members, legal representatives, heirs, successors or assigns, and

1    any entity in which any of the Defendants has or had a controlling interest.  Also

2    excluded from the Class is any Person who properly excludes himself, herself, or

3    itself by filing a valid and timely request for exclusion in accordance with the

4    requirements to be set forth in the Settlement Notice.

5            f.      "Class Distribution Order" means an order of the Court

6    approving the Claims Administrator's administrative determinations concerning the

7    acceptance and rejection of the claims submitted herein, and approving any fees and

8    expenses not previously applied for, including the fees and expenses of the Claims

9    Administrator and, if the Effective Date has occurred, directing payment of the Net

10   Settlement Fund to Authorized Claimants.

11           g.      "Class Member" means any person or entity who or which is a

12   member of the Class and is not excluded therefrom.

13           h.      "Class Period" means the period from May 3, 2011, through and

14   including February 2, 2012, both dates inclusive.

15           i.      "Court" means the United States District Court for the Central

16   District of California.

17           j.      "Defendants' Claims" means any and all claims, rights,

18   demands, obligations, controversies, debts, damages, losses, causes of action and

19   liabilities of any kind or nature whatsoever in law or in equity, including both known

20   and Unknown Claims, held at any point from the beginning of time to the date of the

21   execution of this Stipulation, which claims have been or could have been asserted

22   by the Defendants against any of the Released Plaintiff Parties and arising out of the

23   institution or prosecution of the Action.

24           k.      "Defendants' Counsel" means the law firm of Cooley LLP.

25           l.      "Defendant Releasees" means (1) Defendants, (2) Defendants'

26   Counsel, (3) with regard to Brian J. Farrell and Paul J. Pucino, each individual's

27   spouses, marital communities, immediate family members, heirs, executors,

28   personal representatives, estates, administrators, trusts, predecessors, successors,

and assigns or other individual or entity in which either Brian J. Farrell or Paul J. Pucino has a controlling interest, and each and all of their respective past or present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns; and each of Brian J. Farrell's and Paul J. Pucino's present and former attorneys, legal representatives, insurers, and assigns in connection with the Action.

m.   "Effective Date" means the date upon which the Judgment becomes Final.

n.   "Escrow Account" means the interest-bearing account maintained by the Escrow Agent into which the Settlement Amount shall be deposited.  The Escrow Account shall be controlled and maintained by Lead Counsel on behalf of Lead Plaintiff and the Class.

o.   "Escrow Agent" means Lead Counsel or their duly appointed agent(s).  The Escrow Agent shall perform the duties set forth in this Stipulation.

p.   "Escrow Agreement" means the escrow agreement between Lead Counsel and the Escrow Agent with respect to the Escrow Account.

q.   "Final Fairness Hearing" means the hearing to be held by the Court to make a final decision pursuant to Federal Rule of Civil Procedure 23 as to whether this Settlement Agreement is fair, reasonable, and adequate and, therefore, should be approved by the Court.

r.   "Final." with respect to the Judgment, means the later of: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if there is a motion to alter or amend the Judgment or an appeal from the Judgment (other than an appeal or motion to alter or amend

1  pertaining solely to the Court's approval of a Plan of Allocation and/or the Court's

2  award of attorneys' fees, costs or expenses), the date of final affirmance of the

3  Judgment and the expiration of the time for any further judicial review whether by

4  appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is

5  granted, the date of final affirmance of the Judgment following review pursuant to

6  the grant.  Any appeal or proceeding seeking judicial review pertaining solely to (i)

7  Court approval of the Plan of Allocation of the Net Settlement Fund; or (ii) the

8  Court's award of attorneys' fees, costs or expenses, shall not in any way delay or

9  preclude the Judgment from becoming Final or affect the time set forth above for the

10  Judgment to become Final.

11      s.    "Judgment" means the final proposed judgment to be entered

12  approving the Settlement substantially in the form attached hereto as Exhibit B, or

13  any alternative thereto that may be entered by the Court.

14      t.    "Lead Counsel" means Levi & Korsinsky LLP, counsel for Lead

15  Plaintiff. For the purposes of this Stipulation, Lead Counsel includes The Wagner

16  Law Firm.

17      u.    "Lead Plaintiff" means Mike Hernandez.

18      v.    "Litigation Expenses" means the costs and expenses incurred by

19  Lead Counsel in connection with commencing and prosecuting the Action, for which

20  Lead Counsel intends to apply to the Court for reimbursement from the Settlement

21  Fund.

22      w.    "Net Settlement Fund" means the Settlement Fund less (i) Court

23  awarded attorneys' fees, (ii) Notice and Administration Expenses, (iii) any required

24  Taxes, (iv) Court-awarded Litigation Expenses, and (v) any other fees or expenses

25  approved by the Court.

26      x.    "Notice and Administration Expenses" means all expenses

27  incurred in connection with the preparation, printing, mailing, and online publication

28  of the Settlement Notice; the preparation and publication of the Publication Notice;

1   providing notice to the Class by mail, publication and other means; receiving and

2   reviewing claims; applying the Plan of Allocation; corresponding with Class

3   Members; and the costs of the Claims Administrator.

4        y.     "Notices" means the Publication Notice and the Settlement

5   Notice, collectively, as well as any other notice required or approved by the Court

6   in connection with this Settlement.

7        z.     "Person" and "Persons" means an individual, corporation,

8   partnership, association, affiliate, joint stock company, estate, trust, unincorporated

9   association, entity, government and any political subdivision thereof, or any other

10  type of business or legal entity, any legal representative, and their spouses, heirs,

11  predecessors, successors, representatives, agents, or assignees.

12       aa.    "Plan of Allocation" means the plan that Lead Plaintiff will

13  submit to the Court at a later date and upon notice to the Class that shall be utilized

14  for distribution of the Net Settlement Fund to Authorized Claimants in a manner

15  consistent with the terms of this Stipulation, and as approved by the Court.

16       bb.    "Preliminary Approval Hearing" means the preliminary hearing

17  to be held by the Court to determine whether the proposed Settlement is fair,

18  reasonable and adequate and should be approved.

19       cc.    "Preliminary Approval Order" means the proposed order

20  preliminarily approving the Settlement, which shall be substantially in the form

21  attached hereto as Exhibit A.

22       dd.    "Proof of Claim" means the form which is to be sent to members

23  of the Class substantially in the form attached hereto has Exhibit A-2.

24       ee.    "Publication Notice" means the Summary Notice of Pendency

25  and Proposed Settlement of Class Action, which shall be published once in the

26  national edition of *Investor's Business Daily* and on www.zlk.com, substantially in

27  the form attached hereto as Exhibit A-3.

28

1    ff.    "Released Parties" means the Defendant Releasees and the

2  Released Plaintiff Parties collectively.

3    gg.    "Released Plaintiff Parties" means (1) Lead Plaintiff, (2) Lead

4  Counsel, and (3) with regards to Lead Plaintiff, Lead Plaintiff's spouse, marital

5  communities, immediate family members, heirs, executors, personal representatives,

6  estates, administrators, trusts, predecessors, successors, and assigns or other

7  individual or entity in which Lead Plaintiff has a controlling interest, and each and

8  all of his respective past or present officers, directors, employees, agents, affiliates,

9  parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers,

10  co-insurers, re-insurers, heirs, executors, personal representatives, estates,

11  administrators, trusts, predecessors, successors, and assigns; and Lead Plaintiff's

12  present and former attorneys, legal representatives, insurers, and assigns in

13  connection with the Action.

14    hh.    "Response Deadline" means the last date on which Class

15  Members may submit a request for exclusion, or objection to the Settlement. The

16  Response Deadline is to be determined by the Court, as set out in the Preliminary

17  Approval Order.

18    ii.    "Settled Claims" means any and all claims, rights, demands,

19  obligations, controversies, debts, damages, losses, causes of action and liabilities of

20  any kind or nature whatsoever (including, but not limited to, any claims for damages,

21  restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any

22  other costs, expenses, or liability whatsoever), whether based on federal, state, local,

23  statutory, or common law or any other law, rule, or regulation, whether fixed or

24  contingent, accrued, or un-accrued, liquidated or unliquidated, at law or in equity,

25  matured or unmatured, or class or individual in nature (including both known and

26  Unknown Claims) against Defendant Releasees, based on, arising out of, relating in

27  any way to, or in connection with both (i) the facts, events, transactions, acts,

28  occurrences, statements, representations, misrepresentations, or omissions which

1  were or could have been alleged in the Action, and (ii) the purchase or acquisition
2  of THQ common stock during the Class Period.
3      jj.  "Settlement" means the resolution of the Action in accordance
4  with the terms and provisions of this Stipulation.
5      kk.  "Settlement Amount" means $2,600,000, cash.
6      ll.  "Settlement Fund" means the Settlement Amount plus any
7  interest earned on any monies held in the Escrow Account.
8      mm.  "Settlement Notice" means the Notice of Pendency and Proposed
9  Settlement of Class Action which is to be sent to Class Members substantially in the
10  form attached hereto as Exhibit A-1.
11     nn.  "Settling Parties" means, collectively, Defendants and Lead
12  Plaintiff.
13     oo.  "Stipulation" means this Stipulation and Agreement of
14  Settlement.
15     pp.  "Taxes" means all federal, state, local, or other taxes on the
16  income earned by the Settlement Fund and expenses and costs incurred in connection
17  with the taxation of the Settlement Fund (including, without limitation, expenses of
18  tax attorneys and accountants).
19     qq.  "Termination Notice" shall have the meaning set forth in ¶43
20  below.
21     rr.  "Unknown Claims" means any and all Settled Claims which
22  Lead Plaintiff in the Action or any Class Member does not know to exist in his, her,
23  or its favor at the time of the release of Defendant Releasees, and any Defendants'
24  Claims which Defendants did not know to exist in their favor at the time of the
25  release of the Released Plaintiff Parties, which if known might have affected the
26  decision to enter into the Settlement or the decision not to object to the Settlement.
27  With respect to any and all Settled Claims and Defendants' Claims, the Settling
28  Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO
10.
STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiff shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Defendants' Claims was separately bargained for and was a key element of this Settlement.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

## RELEASES

2.     The obligations incurred pursuant to this Stipulation are in full and final disposition of the Action with respect to all Released Parties and any and all Settled Claims and Defendants' Claims.

3.     As of the Effective Date, Lead Plaintiff, the Class, and each Class Member who has not submitted a valid and timely request for exclusion, on behalf of themselves and each of their predecessors, successors, assigns, parents, subsidiaries, affiliates, agents, representatives, heirs, trustees, joint tenants, tenants in common, beneficiaries, executors and administrators, attorneys, insurers, and anyone else who could make a claim through or on behalf of a Class Member, directly or indirectly, individually, derivatively, representatively, or in any other capacity, by operation of the Judgment, will release and forever discharge each and every Settled Claim, as against each and all of the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting or maintaining any of the Settled Claims against the Defendant Releasees.

4.     As of the Effective Date, Defendants, on behalf of themselves and each of their predecessors, successors, assigns, parents, subsidiaries, affiliates, agents, representatives, heirs, trustees, joint tenants, tenants in common, beneficiaries, executors and administrators, attorneys, insurers, and anyone else who could make a claim through or on behalf of a Defendant, directly or indirectly, individually, derivatively, representatively, or in any other capacity, by operation of the Judgment, will release and forever discharge each and every Defendants' Claim, and shall forever be barred and enjoined from commencing, instituting or maintaining any of Defendants' Claims against any of the Released Plaintiff Parties.

5.     Only those Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by Class Members shall release all Settled Claims against the Released Parties, and shall be substantially in the form

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1  contained in Exhibit A-2 attached hereto.   All Class Members who have not

2  submitted a valid and timely request for exclusion shall be bound by the releases set

3  forth in this Stipulation, whether or not they submit a valid and timely Proof of

4  Claim.

5      6.      The Settling Parties shall request that the Court, as part of the Judgment,

6  enter an appropriate bar order, consistent with the Securities Exchange Act of 1934,

7  the Private Securities Litigation Reform Act of 1995, and/or applicable common

8  law, barring contribution claims against the Defendants.   The proposed Judgment

9  shall also contain a provision requiring that any final verdict or judgment that may

10  be obtained by or on behalf of the Class or a Class Member against any person or

11  entity subject to the bar order as defined herein be reduced by the greater of: (i) an

12  amount that corresponds to the percentage of responsibility of any of the Defendants

13  for common damages; or (ii) the Settlement Amount.

14                          **CLASS CERTIFICATION**

15      7.      For purposes of this Settlement only, Defendants stipulate to (i)

16  certification of the Action as a class action, pursuant to Rules 23(a) and 23(b)(3) of

17  the Federal Rules of Civil Procedure, (ii) the appointment of Lead Plaintiff as

18  representative of the Class, and (iii) the appointment of Lead Counsel as Class

19  Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.   Lead

20  Plaintiff will move for, and Defendants shall not oppose, entry of the Preliminary

21  Approval Order substantially in the form of Exhibit A attached hereto, which will

22  certify the Action to proceed as a class action for purposes of this Settlement only

23  and only if the Judgment contemplated by this Stipulation becomes Final and the

24  Effective Date occurs.

25                      **THE SETTLEMENT CONSIDERATION**

26      8.      In full settlement of the Settled Claims, including without limitation the

27  claims asserted in the Action against Defendants, and in consideration of the releases

28  specified in ¶¶2–6, above, Defendants shall pay or cause to be paid $2,600,000 into

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

the Escrow Account within twenty (20) calendar days following the Court's entry of the Preliminary Approval Order and the receipt by Defendants' Counsel from Lead Counsel of all required funding information and a Form W-9 providing the tax identification number for Lead Counsel.  Upon payment of the Settlement Amount into the Escrow Account, Defendants and the Defendant Releasees shall have no further liability or obligation to make any payment into the Settlement Fund or otherwise with respect to the Action, the Settlement or this Stipulation, and neither Lead Plaintiff, Class Members, nor Lead Counsel shall have any recourse against Defendants or Defendant Releasees regarding any of the foregoing.

**USE AND ADMINISTRATION OF THE SETTLEMENT FUND**

9.     The Settlement Fund may be used to pay (i) any Taxes, (ii) Notice and Administration Expenses, (iii) any attorneys' fees, Litigation Expenses, and an award for Lead Plaintiff approved by the Court, (iv) any other fees and expenses approved by the Court, and (v) any claims of Authorized Claimants determined valid for payment.  The Settlement Fund shall be the sole source for any attorneys' fees, Litigation Expenses, and award for Lead Plaintiff, and Lead Plaintiff will have no recourse against Defendants or the Defendant Releasees for attorneys' fees, Litigation Expenses, or an award for Lead Plaintiff.

10.     Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise, (ii) the management, investment or distribution of the Settlement Fund, (iii) the Plan of Allocation, (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund, (v) any losses suffered by, or fluctuations in value of, the Settlement Fund, or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.  Lead Plaintiff,

1   Class Members and Lead Counsel shall have no recourse against Defendants or
2   Defendant Releasees regarding any of the foregoing.

3        11.    The Net Settlement Fund shall remain in the Escrow Account until the
4   Effective Date, whereafter the Net Settlement Fund shall be distributed to
5   Authorized Claimants as provided in ¶¶32–35 hereof.  All funds held by the Escrow
6   Agent shall be deemed to be in the custody of the Court, and shall remain subject to
7   the jurisdiction of the Court until such time as the funds shall be distributed or
8   returned pursuant to this Stipulation and/or further order of the Court.  The Escrow
9   Agent shall invest any funds in the Escrow Account in United States Treasury Bills
10  or, if approved by each of the Lead Counsel and Lead Plaintiff, in money market
11  funds with one or more of the fifty (50) largest banking institutions in the United
12  States, and shall collect and reinvest all interest accrued thereon.  Lead Counsel has
13  structured the Escrow Account so that it will qualify as a "qualified settlement fund,"
14  as that term is defined in Treas. Reg. §1.468B-1, which has been promulgated under
15  Section 468B of the Internal Revenue Code of 1986, as amended, and the Settling
16  Parties hereto accordingly agree to treat the Settlement Fund as a Qualified
17  Settlement Fund within the meaning of Treasury Regulation §1.468B-1, and that
18  Lead Counsel, as administrator of the Settlement Fund within the meaning of
19  Treasury Regulation §1.468B-2(k)(3), shall be responsible for timely filing tax
20  returns and any relevant tax filings and documentation relating thereto for the
21  Settlement Fund and timely paying from the Settlement Fund any Taxes owed with
22  respect to the Settlement Fund.  Defendants' Counsel as transferor agrees to provide
23  promptly to Lead Counsel the required statement described in Treasury Regulation
24  §1.468B-3(e).

25       12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely
26  paid by the Escrow Agent without prior order of the Court.  Any Tax returns
27  prepared for the Settlement Fund (as well as the election set forth therein) shall be
28  consistent with the previous paragraph, and in all events shall reflect that all Taxes

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1  (including any interest or penalties) on the income earned by the Settlement Fund

2  shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund

3  shall indemnify and hold Defendants harmless for Taxes and related expenses

4  (including without limitation, taxes payable by reason of any such indemnification),

5  if any, payable by Defendants by reason of the income earned on the Settlement

6  Fund.  Defendants shall notify the Escrow Agent promptly if they receive any notice

7  of any claim for Taxes relating to the Settlement Fund.

8         13.    Lead Counsel may pay from the Escrow Account Notice and

9  Administration Expenses up to $150,000 without further order of the Court.

10         14.    Lead Counsel may pay from the Settlement Amount all reasonable

11  costs and expenses associated with the administration of the Settlement, including,

12  without limitation, the actual costs of identifying and notifying Class Members,

13  disseminating the Notices, the administrative expenses incurred and fees charged by

14  the Claims Administrator in connection with mailing notices and processing the

15  submitted claims, and any other Notice and Administration Expenses.  In the event

16  that the Settlement is terminated, all monies paid by Defendants into the Settlement

17  Fund shall be returned to Defendants, with interest actually earned, except that

18  amounts used to pay for Notice and Administration Expenses, up to $150,000, shall

19  not be returned.

20         15.    Lead Counsel will apply to the Court for a Class Distribution Order, on

21  notice to Defendants' Counsel, approving the Claims Administrator's administrative

22  determinations concerning the acceptance and rejection of the claims submitted

23  herein and approving any fees and expenses not previously applied for, including

24  the fees and expenses of the Claims Administrator, and, if the Effective Date has

25  occurred, directing the payment of the Net Settlement Fund to Authorized

26  Claimants.

27         16.    This is not a claims-made settlement.  As of the Effective Date, neither

28  Defendants nor any Person paying the Settlement Amount or any portion of the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1   Settlement Amount on behalf of Defendants shall have any right to the return of the

2   Settlement Fund or any portion thereof irrespective of the number of Proofs of Claim

3   filed, the collective amount of losses of Authorized Claimants, the percentage of

4   recovery of losses, or the amounts to be paid to Authorized Claimants from the Net

5   Settlement Fund.

6        17.    The Claims Administrator will administer the Settlement under Lead

7   Counsel's supervision and subject to the jurisdiction of the Court for all members of

8   the Class.  Defendants and Defendant Releasees will have no responsibility for the

9   administration of the Settlement, and shall have no liability to the Class in

10   connection with such administration, Notice and Administration Expenses, or any

11   related costs or expenses.  On a schedule to be set by the Court, Lead Counsel will

12   cause the Claims Administrator to mail the Settlement Notice to those members of

13   the Class whose addresses may be identified through reasonable effort.  The Claims

14   Administrator will publish the Publication Notice of the proposed Settlement on one

15   occasion in the national edition of *Investor's Business Daily* within ten (10) calendar

16   days of the mailing of the Notice, and on one occasion on www.zlk.com, or in such

17   other form or manner as may be ordered by the Court.  Lead Counsel will post the

18   Settlement Notice and Proof of Claim form on a website where they will be available

19   to Class Members.

20   **ATTORNEYS' FEES AND EXPENSES**

21        18.    At any time prior to distribution to the Class, upon reasonable notice to

22   Class Members, Lead Counsel may apply to the Court for reimbursement of

23   Litigation Expenses, plus interest thereon, and an award from the Settlement Fund

24   of attorneys' fees not to exceed 25% of the Settlement Amount, plus interest therein.

25   Defendants will take no position on any request for attorneys' fees by Lead Counsel.

26   With the sole exception of Defendants' obligation to pay the Settlement Amount into

27   the Escrow Account as provided for in ¶8, Defendants and Defendant Releasees shall

28   have no liability for attorneys' fees, an award to Lead Plaintiff, or Litigation

Cooley LLP
Attorneys At Law
San Diego
17.
STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1    Expenses.   Any attorneys' fees awarded by the Court shall be paid from the

2    Settlement Fund to Lead Counsel immediately upon final approval of the Settlement

3    by the Court, notwithstanding the existence of any timely filed objections thereto, or

4    potential for appeal therefrom, or collateral attack on the Settlement or any part

5    thereof.  Lead Counsel will refund to the Settlement Fund, the amount received plus

6    accrued interest at the rate paid on the Escrow Account within five (5) business days

7    of any of following: (1) as a result of any appeal and/or further proceeding on

8    remand, or successful collateral attack, the fee or cost award is reduced or reversed;

9    (2) the award order does not become final; (3) the Settlement itself is voided by any

10   Settling Party as provided herein; or (4) the Settlement is later reversed or modified

11   by any court.

12        19.    The procedure for and the allowance or disallowance of any application

13   for attorneys' fees, an award for Lead Plaintiff, and Litigation Expenses are not part

14   of the Settlement and are to be considered by the Court separately from the Court's

15   consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any

16   order or proceedings relating to attorneys' fees, or any appeal from any order relating

17   thereto or reversal or modification thereof, shall not operate to terminate the

18   Settlement or affect or delay the Effective Date or the effectiveness or finality of the

19   Order and Final Judgment and the release of the Settled Claims.  The finality of the

20   Settlement shall not be conditioned on any ruling by the Court concerning Lead

21   Counsel's application for attorneys' fees and expenses.

22             **DISTRIBUTION TO AUTHORIZED CLAIMANTS**

23        20.    Defendants will accommodate reasonable requests to facilitate the

24   administration of the Settlement, such as by providing or causing to be provided to

25   the Claims Administrator and/or Lead Counsel, within ten (10) calendar days of

26   entry of the Preliminary Approval Order, or as soon thereafter as is reasonably

27   practicable, a list of THQ stockholders of record during the Class Period to the extent

28

Cooley LLP
Attorneys At Law
San Diego

18.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1    accessible to Defendants and/or THQ's former transfer agent, as appropriate for
2    providing notice to the Class.

3        21.    The Claims Administrator shall determine each Authorized Claimant's
4    *pro rata* share of the Net Settlement Fund in accordance with ¶¶24–31 below and
5    the Plan of Allocation.

6        22.    Lead Plaintiff shall propose to the Court a Plan of Allocation pursuant
7    to which the Net Settlement Fund shall be distributed to Authorized Claimants, and
8    shall seek approval of the Court for such Plan of Allocation at the Final Fairness
9    Hearing. Approval of the proposed Plan of Allocation set forth in the Settlement
10   Notice is not a condition to the Settlement and Effective Date. Lead Plaintiff and
11   Lead Counsel may not cancel or terminate the Stipulation or the Settlement in
12   accordance with ¶38 or otherwise based on this Court's or any appellate court's
13   ruling solely with respect to the Plan of Allocation or any plan of allocation in the
14   Action. Defendants shall not object in any way to the Plan of Allocation or any other
15   plan of allocation in the Action. Defendants have no responsibility or liability for
16   allocation of the Net Settlement Fund.

17       23.    All cash distributions to Authorized Claimants shall be from the Net
18   Settlement Fund pursuant to an approved Plan of Allocation.

19       24.    To receive a cash distribution from the Net Settlement Fund, a Class
20   Member must be an Authorized Claimant pursuant to the procedures set out in this
21   Settlement Agreement or by order of the Court, and must submit a Proof of Claim.

22       25.    Lead Counsel shall be responsible for supervising the administration of
23   the Settlement and disbursement of the Net Settlement Fund subject to Court
24   approval. No Defendant, or any other Defendant Releasees, shall be permitted to
25   review, contest, or object to any Proof of Claim, or any decision of the Claims
26   Administrator or Lead Counsel with respect to accepting or rejecting any claim for
27   payment by a Class Member. Lead Counsel shall have the right, but not the

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1   obligation, to waive what it deems to be form or technical defects in any Proof of

2   Claim submitted in the interests of achieving substantial justice.

3         26.    Each Authorized Claimant who wishes to receive a distribution from

4   the Net Settlement Fund must complete and submit a Proof of Claim (i) by first-class

5   mail, such that it is postmarked no later than the date set forth in the Notices, or (ii)

6   so that it is actually received at the address on the Proof of Claim form by the date

7   stated in the Notices, unless that date is extended by Lead Counsel in the interest of

8   achieving substantial justice or by order of the Court.  The address to which the Proof

9   of Claim must be mailed shall be stated in the Proof of Claim form itself and shall

10   also be printed in the Notices.

11         27.    The Proof of Claim must be sworn on oath or made subject to the

12   penalties of perjury pursuant to 28 U.S.C. § 1746, must be supported by such

13   documents and other information as called for in the Proof of Claim, and must be

14   submitted by the date provided thereon.  A Proof of Claim shall be deemed to have

15   been submitted when posted, if received with a postmark indicated on the envelope

16   and if mailed first-class postage prepaid and addressed in accordance with the

17   instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have

18   been submitted when actually received by the Claims Administrator.

19         28.    The Proof of Claim shall be substantially in the form of Exhibit A-2

20   attached hereto.

21         29.    The validity of each Proof of Claim filed will be initially determined by

22   the Claims Administrator in accordance with the Plan of Allocation approved by the

23   Court.  Proofs of Claim that do not meet the submission requirements may be

24   rejected.  The Claims Administrator shall promptly advise the claimant in writing if

25   it determines to reject the claim.  Neither Lead Counsel, nor its designees or agents,

26   nor Defendants, nor Defendants' Counsel shall have any liability arising out of such

27   determination.  If any claimant whose claim has been rejected in whole or in part

28   desires to contest such rejection, the claimant must, within twenty (20) calendar days

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

after the date of the Claims Administrator's mailing of the writing rejecting the claimant's claim, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court for summary resolution, without any right of appeal or review. Any such claimant shall be responsible for his, her, or its own costs, including, without limitation, attorneys' fees incurred in pursuing any dispute. All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

30.   All initial determinations as to the validity of a Proof of Claim, the amount of any claims and the calculation of the extent to which each Authorized Claimant will participate in the Distribution Amount, the preparation and mailing of distributions to Authorized Claimants, and the distribution of the Distribution Amount shall be made by the Claims Administrator. The administration of the Net Settlement Fund, and decisions on all disputed questions of law and fact with respect to the validity of any Proof of Claim or regarding the rejection or amount of any claim, shall remain under the jurisdiction of the Court. All Class Members expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

31.   Unless otherwise ordered by the Court, any Class Member who fails to submit a valid and timely Proof of Claim shall be barred from receiving a distribution from the Net Settlement Fund. Any Class Member who fails to submit a valid and timely Proof of Claim shall nevertheless be bound by the Release and by all proceedings, orders and judgments in the Action even if he, she or it does not receive a distribution from the Net Settlement Fund and/or has pending, or subsequently

Cooley LLP
Attorneys At Law
San Diego

21.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE No. 2:12-CV-05227 MLR JEM

1  initiates, any litigation, arbitration or other proceeding, or has any Claim, against

2  any or all of the Defendants that is, or relates in any way to, any Settled Claim.

3      32.    The Net Settlement Fund shall be distributed to Authorized Claimants

4  by the Claims Administrator only after the Effective Date and after all claims have

5  been processed and all claimants whose claims have been rejected or disallowed, in

6  whole or in part, have been notified and provided the opportunity to communicate

7  with the Claims Administrator concerning such rejection or disallowance.

8      33.    Payment pursuant to the Class Distribution Order shall be final and

9  conclusive against all Class Members.  All Class Members whose claims are not

10  approved by the Court for payment shall be barred from participating in distributions

11  from the Net Settlement Fund, but otherwise shall be bound by all of the terms of

12  this Stipulation and the Settlement, including the terms of the Judgment or

13  alternative judgment, if applicable, to be entered in this Action and the Releases

14  provided for herein and therein, and will be permanently barred and enjoined from

15  bringing any action against any and all Defendants Releasees with respect to any and

16  all of the Released Plaintiff Parties' Claims.

17      34.    No person or entity shall have any claim against Lead Plaintiff, Lead

18  Counsel, the Claims Administrator, or any other agent designated by Lead Counsel,

19  or the Defendant Releasees, or Defendants' Counsel, arising from distributions made

20  substantially in accordance with the Stipulation, the Plan of Allocation approved by

21  the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their

22  respective counsel and damages experts, and all other Releasees shall have no

23  liability whatsoever for the investment or distribution, administration, calculation,

24  or payment of any claim or nonperformance of the Claims Administrator, the

25  payment or withholding of Taxes (including interest and penalties) owed by the

26  Settlement Fund, or any losses incurred in connection therewith.

27      35.    If any funds remain in the Net Settlement Fund by reason of uncashed

28  distribution checks or otherwise, then, after the Claims Administrator has made

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

22.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1   reasonable and diligent efforts to have Class Members who are entitled to participate
2   in the distribution of the Net Settlement Fund cash their distributions, any balance
3   remaining in the Net Settlement Fund after at least six (6) months after the initial
4   distribution of such funds will be used in the following fashion: (a) first, to pay any
5   amounts mistakenly omitted from the initial disbursement; (b) second, to pay any
6   additional settlement administration fees, costs, and expenses, including those of
7   Lead Counsel as may be approved by the Court; and (c) finally, to make a second
8   distribution to claimants who cashed their checks from the initial distribution and
9   who would receive at least $10.00, after payment of the estimated costs, expenses,
10   or fees to be incurred in administering the Net Settlement Fund and in making this
11   second distribution, if such second distribution is economically feasible.  These
12   redistributions shall be repeated, if economically feasible, until the balance
13   remaining in the Net Settlement Fund is *de minimis* and such remaining balance will
14   then be distributed to *Investor Protection Trust*, a non-profit 501(c)(3) charitable
15   organization dedicated to providing investor education and advocacy.

16                          **REQUESTS FOR EXCLUSION**

17         36.    Any Class Member may seek to be excluded from the Class and the
18   Settlement provided for in this Stipulation by submitting a written request for
19   exclusion in conformity with the requirements set forth in the Notices.  Any
20   members of the Class so excluded shall not be bound by the terms of the Stipulation,
21   or be entitled to any of its benefits, and shall not be bound by the Judgment and/or
22   other order of the Court, whether pursuant to this Stipulation or otherwise.

23         37.    Class Members requesting exclusion from the Class shall file a written
24   request prior to the Response Deadline that: (i) provides the name, address,
25   telephone number, and signature of the Class Member requesting exclusion; (ii)
26   states the specific reasons for the request for exclusion, including any legal and
27   evidentiary support the Class Member wishes to bring to the Court's attention; and
28   (iii) includes documents sufficient to prove the Class Member's membership in the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

23.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1  Class, such as the number of shares of THQ common stock purchased, acquired, and

2  sold during the Settlement Class Period, as well as the dates and prices of each such

3  purchase, acquisition, or sale.  Unless otherwise ordered by the Court, any Class

4  Member who does not submit a timely written request for exclusion as provided by

5  this section shall be bound by the Stipulation.

6  **SUPPLEMENTAL AGREEMENT**

7  38.  Simultaneously herewith, the Settling Parties are executing a

8  "Supplemental Agreement."  Unless otherwise directed by the Court, the

9  Supplemental Agreement will not be filed with the Court.  The Settling Parties may,

10 in accordance with the terms set forth in the Supplemental Agreement, terminate the

11 Settlement and this Stipulation under certain conditions set forth in the Supplemental

12 Agreement if Lead Counsel is unable to cure these conditions in accordance with the

13 terms of the Supplemental Agreement.  Such election must be done in writing to the

14 other Settling Parties.  If required by the Court, the Supplemental Agreement and/or

15 any of its terms may be disclosed to the Court for purposes of approval of the

16 Settlement, but such disclosure shall be carried out to the fullest extent possible in

17 accordance with the practices of the Court so as to preserve the confidentiality of the

18 Supplemental Agreement, particularly the opt-out threshold.   In the event of a

19 termination of this Settlement pursuant to the Supplemental Agreement, this

20 Stipulation and Settlement shall become null and void and of no further force and

21 effect.

22

23 **TERMS OF THE PRELIMINARY APPROVAL ORDER**

24 39.  Promptly after execution of this Stipulation, Lead Counsel shall apply

25 to the Court for entry of an order preliminarily approving settlement of the Action,

26 substantially in the form of the Preliminary Approval Order annexed hereto as

27 Exhibit A.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

24.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

**TERMS OF THE JUDGMENT**

40.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.   The Judgment shall contain a provision barring claims for contribution to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, by or against Defendants.   Nothing herein is intended to broaden the language of the Private Securities Litigation Reform Act of 1995.

41.    The Settlement, including the certification of the Action as a class action, is conditioned upon final court approval; payment in full of the Settlement Amount; dismissal of the Action as to Defendants with prejudice; and the Judgment becoming Final.   Should those conditions not be met, the Settlement shall be null and void.

**EFFECTIVE DATE**

42.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

a)    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

b)    payment of the Settlement Amount into the Escrow Account;

c)    approval by the Court of the Settlement, following notice to the Class and the Final Fairness Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that the Court enters an alternative judgment and none of the Settling Parties elects to terminate the Settlement by reason of such variance, the alternative judgment has become Final.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

25.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

## **TERMINATION**

43.    Each of the Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties hereto within thirty (30) calendar days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any part of it in any material respect; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals or the Supreme Court of the United States; or (e) in the event that the Court enters an alternative judgment and none of the Settling Parties hereto elects to terminate this Settlement, the date upon which such alternative judgment is modified or reversed in any material respect by the United States Court of Appeals or the Supreme Court of the United States.  The award of attorneys' fees, if any, to Lead Counsel is not a basis for termination of this Settlement Agreement.

44.    In addition, as set forth in ¶38, pursuant to the terms of the Settling Parties' Supplemental Agreement, Defendants shall then have, in their sole discretion, the option to terminate this Settlement.  This option must be exercised on or before ten (10) calendar days prior to the date set by the Court for the Final Fairness Hearing, or the option is waived.  If Defendants exercise their option to terminate this Settlement, Defendants shall provide written notice to Lead Counsel. The Settling Parties shall, if this option is exercised, proceed in all respects as if this Stipulation had not been executed.

45.    In addition to the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time provided for in ¶8 above, by providing written notice of the election to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

26.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1  terminate to all other Settling Parties and, thereafter, if there is a failure to pay the

2  Settlement Amount within fourteen (14) calendar days of such written notice.

3      46.    Except as otherwise provided herein, in the event the Settlement is

4  terminated or fails to become effective for any reason, then the Settlement shall be

5  without prejudice and none of its terms shall be effective or enforceable except as

6  specifically provided herein, the Settling Parties to this Stipulation shall be deemed

7  to have reverted to their respective status in the Action as of March 14, 2017 and,

8  except as otherwise expressly provided, the Settling Parties in the Action shall

9  proceed in all respects as if this Stipulation and any related orders had not been

10  entered.  In such event, the fact and terms of this Stipulation shall not be admissible

11  in any trial or any other proceedings of this Action or any other action or proceeding.

12      47.    If the Settlement is terminated, or if the Settlement Amount, or any

13  portion thereof, is to be returned pursuant to the provisions of this Stipulation, any

14  portion of the Settlement Amount previously paid by or on behalf of Defendants,

15  plus interest earned less any Taxes paid or due (in which case the deducted funds

16  will be used to pay such Taxes) with respect to such interest income, and less any

17  Notice and Administration Expenses actually paid or incurred up to $150,000, shall

18  be returned to the source of such payments within ten (10) business days of the date

19  of termination.

20

21              **NO ADMISSION OF WRONGDOING**

22      48.    This Stipulation, whether or not consummated, and any negotiations,

23  proceedings, agreements, documents, or statements relating to the Stipulation, the

24  Settlement, and any matters arising in connection with settlement negotiations,

25  proceedings, or agreements:

26          a.    shall not be admissible in any action or proceeding for any

27  reason, other than an action to enforce the terms hereof;

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

27.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

     b.  shall not be described as, construed as, offered or received against Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by Defendants of: the truth of any fact alleged by Lead Plaintiff; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of Defendants;

     c.  shall not be described as, construed as, offered or received against Lead Plaintiff or any Class Members as evidence of any infirmity in the claims of said Lead Plaintiff and the Class or that damages recoverable under the FAC would not have exceeded the Settlement Amount;

     d.  shall not be described as, construed as, offered or received against any of the Settling Parties to this Stipulation or any of the Defendant Releasees or Released Plaintiff Parties, in any other civil, criminal, or administrative action or proceeding, provided, however, that (i) if it is necessary to refer to this Stipulation to effectuate the provisions of this Stipulation, it may be referred to in such proceedings, and (ii) if this Stipulation is approved by the Court, the Defendant Releasees may refer to it to effectuate the liability protection granted to them hereunder; and

     e.  shall not be described as or construed against Defendants, Defendant Releasees or Lead Plaintiff and any Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Lead Plaintiff or Class Members after trial.

## MISCELLANEOUS PROVISIONS

   49.  The Settling Parties agree that the United States District Court for the Central District of California has exclusive jurisdiction over this Settlement.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

28.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

50.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

51.     If a case is commenced in respect of any of the Defendants under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any of the Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as of March 14, 2017, and any cash amounts in the Settlement Fund shall be returned as provided above.

52.     The Settling Parties to this Stipulation and Agreement of Settlement intend the Settlement of the Action to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and Class Members against Defendants with respect to the Settled Claims.  Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the Action was brought or defended in bad faith or without a reasonable basis.  The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the maintenance, defense, or settlement of the Action.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.  Lead Plaintiff and Class Members agree not to seek any additional discovery of any form from any Defendant related to Settled Claims.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

29.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

53.     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Final approval of the Settlement.

54.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties hereto or their successors-in-interest.

55.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

57.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

58.     This Stipulation and its exhibits constitute the entire agreement among the Settling Parties hereto concerning the Settlement of the Action as against Defendants, and no representations, warranties, or inducements have been made by any Settling Party hereto concerning this Stipulation and the exhibits other than those contained and memorialized in such documents.

59.     This Stipulation may be executed in one or more counterparts, including by signatures transmitted by email in PDF format.    All executed

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

30.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1   counterparts and each of them shall be deemed to be one and the same instrument

2   provided that counsel for the Settling Parties to this Stipulation shall exchange

3   among themselves original signed counterparts.

4        60.    This Stipulation shall be binding upon, and inure to the benefit of, the

5   successors and assigns of the Settling Parties hereto.

6        61.    The construction, interpretation, operation, effect and validity of this

7   Stipulation, and all documents necessary to effectuate it, shall be governed by the

8   internal laws of the State of California without regard to conflicts of laws, except to

9   the extent that federal law requires that federal law govern.

10       62.    All counsel and any other Person executing this Stipulation and any of

11  the exhibits hereto, or any related settlement documents, warrant and represent that

12  they have the full authority to do so, and that they have the authority to take

13  appropriate action required or permitted to be taken pursuant to the Stipulation to

14  effectuate its terms.

15       63.    This Stipulation shall not be construed more strictly against one Settling

16  Party than another Settling Party merely by virtue of the fact that it, or any part of it,

17  may have been prepared by counsel for one of the Settling Parties, it being

18  recognized that it is the result of arm's-length negotiations between the Settling

19  Parties and that all Settling Parties have contributed substantially and materially to

20  the preparation of this Stipulation.

21       **IN WITNESS HEREOF**, Lead Plaintiff and Defendants have caused this

22  Stipulation to be executed, by their duly authorized attorneys, as of April 21, 2017.

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM

1

2

Dated: April 21, 2017

COOLEY, LLP

Koji F. Fukumura

3

4

Attorneys for Defendants Brian J. Farrell
and Paul J. Pucino

5

6

Dated: April 21, 2017

LEVI & KORSINSKY LLP

7

8

Nicholas I. Porritt

9

Attorneys for Lead Plaintiff Mike
Hernandez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

32.

STIPULATION & AGREEMENT OF SETTLEMENT
CASE NO. 2:12-CV-05227 MLR JEM