# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| KHALIL ZAGHIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THQ INC., BRIAN J. FARRELL, and PAUL J. PUCINO,<br><br>Defendants. | Case No. CV-12-05227 -R<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO CLASS** |

WHEREAS, a consolidated securities class action is pending before the Court entitled *Zaghian v. THQ Inc., et al*, 2:12-cv-05227-MLR-JEM (the "Action");

WHEREAS, Lead Plaintiff has filed an unopposed motion pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation of Settlement dated as of April 21, 2017 which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Fairness Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the purposes of the Stipulation and the proposed Settlement, the Court certifies the following Settlement Class:

**All Persons who purchased or otherwise acquired THQ Inc. common stock on the public market between May 3, 2011 and February 2, 2012, inclusive.**

Excluded from the Settlement Class are Brian J. Farrell and Paul J. Pucino (collectively, the "Defendants"), and each of their immediate family members, legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants has or had a controlling interest. Also excluded from the Settlement

Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the members of the Settlement Class.

4. For purposes of the Settlement only, this Court finds and concludes that the Settlement Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the members of the Settlement Class. For purposes of the Settlement only, the Court finds and concludes that: (a) the Persons who are part of the Settlement Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of those of the Settlement Class; (d) in negotiating and entering into the Stipulation, Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Persons who are part of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Persons who are part of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, Lead Plaintiff Mike Hernandez is appointed as class representative and Lead Counsel Levi & Korsinsky LLP is appointed class counsel.

6. If the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms set forth in the Stipulation, this conditional certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

7. A Final Fairness Hearing shall be held before this Court on November 6, at 10 a.m., at the United States District Court, Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 880, 8th Floor, to determine: (i) whether the Court should grant final certification to the Settlement Class pursuant to Federal Rule of Civil Procedure 23; (ii) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (iii) whether a Judgment should be entered herein; (iv) whether the proposed Plan of Allocation is fair, reasonable and adequate and should be approved; (v) the amount of fees and expenses that should be awarded to Lead Counsel; and (vi) to rule upon such other matters as the Court may deem appropriate. The Court may adjourn the Final Fairness Hearing without further notice to the members of the Settlement Class.

8. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action, the Proof of Claim, and Summary Notice of Pendency and Proposed Settlement of Class Action, annexed hereto as Exhibits A-1, A-2 and A-3, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 9 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9. The Court appoints the firm of RG2 Claims Administration as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within 30 days of the date of this ORDER, Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all members of the Settlement Class who can be identified with reasonable effort; and Lead Counsel shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and on www.zlk.com; and

(b) At least seven (7) days prior to the Final Fairness Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. Nominees who purchased or acquired THQ common stock for beneficial owners who are members of the Settlement Class shall send the Notice and the Proof of Claim to the beneficial owners of such THQ common stock within thirty (30) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a member of the Settlement Class. Nothing in this Order creates any duties, liabilities, obligations, responsibilities, rights as between any nominee and any beneficial owner that do not already otherwise exist in contract or by law.

11. All members of the Settlement Class who do not request exclusion from the Settlement Class in the manner stated in this Order shall be bound by all

determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

12. Any potential member of the Settlement Class may request to be excluded from the Settlement Class. Such request for exclusion must be postmarked on or before October 2, 2017 and delivered to the Claims Administrator as set forth in the Notice. Such requests shall clearly indicate the name, address, and telephone number of the person seeking exclusion; the date(s), price(s), and number(s) of shares of all purchases, other acquisitions, and sales of THQ common stock during the Settlement Class Period; and a statement that the sender requests to be excluded from the Settlement Class in *Zaghian v. THQ Inc., et al*, 2:12-cv- 05227-MLR-JEM, and must be signed by such person. A request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13. Members of the Settlement Class who wish to participate in the proposed Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than October 2, 2017. Any member of the Settlement Class who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise determined by Lead Counsel or ordered by the Court.

14. Any member of the Settlement Class may enter an appearance at the Final Fairness Hearing, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, members of the Settlement Class will be represented by Lead Counsel.

15. Pending final determination of whether the proposed Settlement should be approved, Lead Counsel, the Lead Plaintiff, and the members of the Settlement Class, either directly, representatively, or in any other capacity, are barred from

commencing or prosecuting any action against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Settled Claims.

16. Any member of the Settlement Class may appear and show cause, if he, she or it has any reason why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no member of the Settlement Class or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before October 9, 2017, by Nicholas I. Porritt, Esq., Levi & Korsinsky LLP, 1101 30th Street, N.W., Suite 115, Washington, DC 20007; and Ryan E. Blair, Esq., Cooley LLP, 401 Eastgate Mall, San Diego, CA 92121, and filed said objections, papers and briefs with the Clerk of the United States District Court, Central District of California, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 880, 8th Floor, on or before October 9, 2017. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and reimbursement of expenses to counsel for the Lead Plaintiff, unless otherwise ordered by the Court.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All papers in support of the Settlement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served on or before October 23, 2017.

19. The Settling Parties may respond to any objection to the Stipulation, the Plan of Allocation, or the Fee and Expense Application, provided that such response is filed and served no later than October 23, 2017.

20. At or after the Final Fairness Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application shall be approved.

21. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund.

22. The Defendant Releasees, their counsel, and their insurers shall have no responsibility for, or liability with respect to, the Plan of Allocation or any Fee and Expense Application submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or

evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Defendant Releasees may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

24. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class. If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. Each party shall be restored to his, her, or its respective position as it existed immediately prior to the execution of the Stipulation.

IT IS SO ORDERED.

DATED: August 7, 2017

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE